THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Richard W. Mear, SBN 024739
rmear@cavanaghlaw.com
*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Bustamante, an individual,<br><br>                    Plaintiff,<br>v.<br><br>Nordstrom, Inc., a foreign corporation; Last Chance, a division of Nordstom, Inc., a foreign corporation; John Does I-V; Jane Does I-V; Black Partnerships I-V; and White Corproations I-V,<br><br>                    Defendants. | NO.<br><br>(Maricopa County Superior Court Case No. CV2019-054645)<br><br>**PETITION FOR REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Nordstrom, Inc. and Last Chance (incorrectly identified as a separate legal entity), ("Defendants"), by and through undersigned counsel, respectfully files this Petition for Removal of Maricopa County Superior Court Case No. CV2019-054645, from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and in support thereof says as follows:

1. A civil action seeking to recover money damages has been commenced by Plaintiff and is now pending in the Maricopa County Superior Court in and for the State of Arizona, captioned *Leslie Bustamante v. Nordstrom, Inc, et. al.*, Maricopa County

Superior Court Case No. CV2019-052850 ("the State Action").

2. Plaintiff's Complaint in the State Action was filed on October 10, 2018. A true and correct copy of the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "A" and incorporated herein by reference. In the Complaint, Plaintiff seeks monetary damages related to Defendant's alleged negligence. *See* Ex. A at ¶¶ 6-18. Plaintiffs also seek special damages, interest, and costs. *Id.* at ¶ 18 (1)-4). *See* Plaintiff's Demand on Defendants, dated November 5, 2018, attached hereto as Exhibit "B."

3. Plaintiff's Complaint was hand delivered to Defendants' statutory agent on October 14, 2019. *See* Affidavits of Service (2), which are attached hereto as Exhibit "C." A true and correct copy of the Summons is attached hereto as Exhibit "D." A true and correct copy of the Civil Cover sheet is attached hereto as Exhibit "E." A true and correct copy of the Certificate Regarding Compulsory Arbitration is attached hereto as Exhibit "F." To date, Defendants are not aware of any other pleadings filed in the State Action.

4. Pursuant to L.R. 3.6(b), Defendants certify that Exhibits "A" and "C" through "F" are true and correct copies of all documents filed in the State Action.

5. Upon information and belief, Plaintiff, at all material times in this lawsuit, resided in the State of Arizona. *See* Exhibit "A" at ¶1.

6. In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Id.*

7. Nordstrom, Inc. is a corporation incorporated under the laws of the State of Washington with its principal place of business located in Seattle, Washington and therefore it is a citizen of Washington.

8. Last Chance is the name of a Nordstrom, Inc. store. Last Chance is not a corporation or a d/b/a.

9. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

10. In this action, Plaintiff seeks to recover monetary damages she claims are due as a result of Nordstrom, Inc.'s and Last Chance's negligence. *See* Exhibit "A" at ¶¶ 6-17. According to the Complaint, Plaintiff claims that while she was trying on one shoe out of a pair of shoes at Last Chance that were zip tied together, she tripped on the shoe that was not on her foot, causing her to fall. *Id.* at ¶ 8. As a result of this accident, Plaintiff claims that she has sustained physical injuries, some of which may be permanent, as well as pain, suffering, mental and emotional anguish, and a general decrease in her quality of life. *Id.* at ¶ 16. Plaintiff also alleged that she has incurred medical care expenses, will continue to incur medical expenses in the future, lost wages, and other financial losses in the future. *Id.* at ¶¶ 17-18.

11. Plaintiff submitted a pre-litigation demand on November 5, 2018 wherein she stated that she suffered a comminuted supracondylar fracture, and a right distal humorous fracture with separation of fracture fragments and joint effusion, which may be permanent in nature. Plaintiff demanded $925,000 to resolve this dispute, which is well in excess of the jurisdictional threshold for this Court.

12. Additionally, Plaintiff has certified that the case is not subject to compulsory arbitration, meaning that Plaintiff views the case as having a value in excess of $50,000.00. *See* Exhibit "B"; *see also Ansley v. Metro Life Ins. Co.,* 215 F.R.D. 575 (D. Ariz. 2003) (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied).

13. Further, Plaintiff alleges in her Complaint the matter meets the criteria for Tier 2 pursuant to Arizona Rule of Civil Procedure 26.2(c)(3)(B). Under Rule 26.2, Tier 2 cases are "actions claiming more than $50,000 and less than $300,000 in damages." *See* Ariz. Civ. P. R. 26.2(e). For purposes of determining the correct tier, the damages that may be considered includes "all monetary damages …, but excludes claims for punitive damages, interest, attorney's fees in the case to be tiered, and costs." *See id.* Plaintiff's Tier 2 certification means that she believes her monetary damages in this case are in excess of $50,000.

14. In light of Plaintiff's claims of severe injury, her certification that her compensatory and special damages exceed $50,000, and her pre-litigation demand of $925,000, it is clear that the amount in controversy exceeds the jurisdictional minimum in this court. *See Ansley*, 218 F.R.D. at 576-78.

15. Accordingly, this civil action, over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000,000, exclusive of interest and costs.

16. There are no other named defendants in this matter so no additional consent is necessary. *See* 28 U.S.C. § 1146(b)(2)(A).

17. This Petition for Removal and Notice of Removal is filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

18. Pursuant to LRCiv. 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County.

19. Pursuant to LRCiv 3.6(d), Defendant requests a jury trial, and has indicated the same on the Civil Cover Sheet.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**DATED** this 11th day of November, 2019.

            **THE CAVANAGH LAW FIRM, P.A.**

            BY: */s/ Richard W. Mear*
              Richard W. Mear
              *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronic copy to the following party:

Jan-Georg Roesch
Sarkisov & Roesch
16042 North 32nd Street, Suite C-5
Phoenix, Arizona  85032
*Attorneys for Plaintiff*


*/s/ Victoria R. Kelly*